```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DONNA J. EAKIN,                    )
                                   )
          Plaintiff,               )
                                   )
     vs.                           )   Civil Action No. 03-1815
                                   )
JO ANNE B. BARNHART,               )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
          Defendant.               )
```

O R D E R

AND NOW, this 14th day of September, 2005, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp.

942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") improperly failed to consider the effects of her obesity on her overall condition in conformity with Social Security Ruling 02-1p. Plaintiff claims that, regardless of whether obesity was expressly raised as an impairment, it was evident from the medical records in this case that she was obese, and that this case should be remanded on that basis for a determination as to the effects of her obesity.  The Court disagrees.

The Third Circuit Court of Appeals recently addressed this issue in Rutherford v. Barnhart, 399 F.3d 546 (3d Cir. 2005).  In Rutherford, the claimant argued that although she had not raised obesity as an impairment or limitation before the ALJ, it was apparent in the medical record.  She asserted, therefore, that the ALJ was obligated to consider her obesity explicitly, and that his failure to do so required a remand.  Following the decision of the Seventh Circuit Court of Appeals in Skarbek v. Barnhart, 390 F.3d 500 (7th Cir. 2004), the Third Circuit held that remand was not required because it would not affect the outcome of the case. Rutherford, 399 F.3d at 553.

Here, as in Rutherford, Plaintiff did not specifically raise obesity as an impairment or limitation.  Her weight gain was, though, discussed generally at the hearing and in her Daily Activities Questionnaire (R. 46, 129), and there are a number of references to her weight gain in Dr. Sharpnack's records. However, in any event, the ALJ properly addressed Plaintiff's weight gain in his decision, and, therefore, a remand to consider Plaintiff's obesity would not affect the outcome of the case.

Plaintiff's only allegation regarding her weight gain was that it had some impact on certain of her symptoms, including her pain in her back and legs and her pain and swelling in her feet and ankles. (R. 129).  The ALJ specifically addressed Plaintiff's allegations regarding these conditions, along with Plaintiff's other alleged impairments and limitations, and found that the limitations allegedly attributable to Plaintiff's weight gain were not medically determinable impairments.  In fact, he even indicated that Plaintiff had alleged weight gain as one of the

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

S/Alan N. Bloch
United States District Judge

cc/ecf:   Suzanne J. Hayden, Esquire
          Asst. U.S. Atty. Paul Skirtich

---

[1](...continued)
conditions caused by her depression. (R. 18). Other than making a generalized argument that the ALJ should have considered Plaintiff's alleged obesity, Plaintiff does not indicate how or why this factor would affect the ALJ's determination, which took into account Plaintiff's weight gain. The ALJ addressed all of the impairments and limitations which Plaintiff alleged were affected by her weight, and, as in Rutherford, the record here indicates that the ALJ relied on the medical evidence in this case as a basis for his findings regarding her limitations and impairments.
    Accordingly, the Court finds that a remand is not warranted in this case.